UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. BRUNKOW,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT, INYO COUNTY, et al.,<br><br>    Respondents. | Case No.: 1:11-cv-01713-JLT<br><br>ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR STAY OF CUSTODY  (Doc. 22) |

    Petitioner is a state prisoner proceeding through with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 14, 1011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge.  (Doc. 9).  On November 18, 2011, Respondent filed a similar written consent to the Magistrate Judge's jurisdiction.  (Doc. 10).

**PROCEDURAL HISTORY**

    The instant petition was filed on October 14, 2011, challenging Petitioner's November 12, 2009 conviction in the Inyo County Superior Court of domestic battery and his sentence to 36 months' probation, which included a 45-day sentence in the Inyo County Jail that is the subject of the instant motion for stay of custody.  (Doc. 1).  On November 30, 2011, Respondent filed an Answer to the petition, arguing that Petitioner's claim must be rejected

1

because no clearly established federal law exists on the issue of whether a criminal defendant must be advised of his right to testify and must also personally waive that right, and that Petitioner's claim is barred under Teague v. Lane, 489 U.S. 288 (1989), which prohibits the application of a "new" rule of law retroactively in federal habeas corpus proceedings to invalidate a final state criminal conviction. (Doc. 11, pp. 7-8). Petitioner filed a Traverse on March 2, 2012. (Doc. 21).

On October 23, 2012, Petitioner filed the instant emergency motion for stay of custody, based upon events that transpired at a September 10, 2012 telephonic hearing in the Inyo County Superior Court to address the question of lifting the stay on Petitioner's 45-day sentence in the Inyo County Jail. (Doc. 22, Ex. C). At the hearing, the prosecutor contended that the parties had agreed to a six month continuance of the execution of the sentence, presumably to allow this Court to decide the merits of the instant habeas petition. Petitioner's counsel contended that the stay should remain in effect until this Court's decision is issued. After considering the issue, the Superior Court judge ruled as follows:

> I don't---there is not any factual basis on which to conclude that a decision on the petition for writ of habeas corpus is imminent. It's a matter of public record that in the eastern district of California many writs of habeas corpus are not decided in the lifetime of the petitioner, given their case load, and I don't think that there's any reason to expect that after the six months or more that have passed since the petition was filed that a decision is going to occur in the near future.
>
> The pendency of a petition for writ of habeas corpus is not a substantial basis for stay. The defendant's—the merits of the defendant's legal positions have been argued and decided in the Superior Court and in the appellate division; the request for transfer to the Court of Appeal in the California court system was denied on the merits.
>
> In the circumstances, a further stay of the defendant's custodial sentence is not advised. I'll set a date in September—we're—I'll set a date in October—that will be well past the six-month period that might have been contemplated at the last hearing—for decision.
>
> Obviously if there's an intervening decision from the U.S. District Court, then that decision would have precedence.

(Doc. 22, Ex. C, pp. 7-8).

After discussion, the parties and the court agreed on a date of October 25, 2012, for Petitioner to report to serve his 45-day sentence in the county jail. (Id., p. 10). For the reasons set forth below, the Court will deny Petitioner's emergency motion for a stay of custody.

# DISCUSSION

Although Petitioner cites no authority--federal or state, controlling or persuasive, statutory or case law--to support his request for a stay, Petitioner contends that, if granted, the instant petition would "obviate[ ] petitioner's conviction, and any penalties," and, thus, if Petitioner has to serve his 45-day sentence, such a circumstance "effectively moots the pending Petition." (Doc. 22, p. 3). Petitioner also points out that he has complied with all of the terms and conditions of his probation, has paid all of his fines, and completed the court-ordered Domestic Violence Recidivism Program. (Doc. 22, pp. 2-3).

First, as an initial matter, the Court disagrees with Petitioner's characterization of the situation, i.e., that denying the request for a custody stay would moot the petition. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937).

Here, Petitioner is not merely challenging that portion of his sentence that involves the 45-day incarceration in the Inyo County Superior Court; rather, he is challenging both his conviction and the *entire* sentence that is predicated on that conviction. While Petitioner may have an understandable preference for avoiding the 45-day jail sentence, having to serve that portion of his sentence is, in the Court's view, no more prejudicial than his payment of fines, submitting to probation, or attending court-ordered domestic abuse classes. All were part of his sentence. All arose from his conviction. The instant petition goes to the heart of Petitioner's conviction and seeks a reversal of that conviction and a new trial. Accordingly, the fact that Petitioner may now have to complete another part of his sentence during the pendency of the instant petition certainly does no more to moot the petition than did his payment of fines or attending domestic violence classes. The issues presented remain "live"

and Petitioner retains a legally cognizable interest in the outcome. Murphy, 455 U.S. at 481. Thus, denial of the stay request and Petitioner's serving of the 45-day sentence does not in any way moot the claims raised in the petition.

Second, Petitioner has not exhausted his state court remedies. Although Petitioner's request for a transfer of his case from the appellate division of the Superior Court to the Court of Appeal was denied, it is not apparent why Petitioner could not have filed a request for a petition for writ of mandate or prohibition in the Court of Appeal and, if necessary, the California Supreme Court in order to exhaust his remedies.

Normally, exhaustion of state remedies is a requirement in federal habeas proceedings. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity

to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Although the exhaustion doctrine is typically encountered in the context of claims raised within the federal habeas petition itself, it is not at all clear to this Court why it should entertain collateral issues related to the habeas claims that themselves have not been fully exhausted in state court. Not to require such exhaustion would effectively put this Court in the position of an intermediate state appellate court reviewing state court issues. The Court is unaware, and Petitioner does not cite, any authority for the Court to assume such a position in these proceedings. Moreover, the fact that constrains may have factored into Petitioner's decision not to pursue extraordinary writs in the state appellate courts does little to rectify the situation. This Court is not a court of convenience; it is a court of limited federal jurisdiction.

Third, the Court fails to discern a federal constitutional issue within Petitioner's motion for an emergency stay. The motion itself is devoid of citations to any authority, much less to federal constitutional authority. The Court's habeas jurisdiction, however, is predicated on just such federal constitutional issues. The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the

federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Petitioner's motion appears to raise only state law claims.  Petitioner's motion alleges, at most, an arbitrary and capricious decision by a state court applying California law, i.e., a potential abuse of discretion by that court.  Generally, however, issues of state law are not cognizable on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").  Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

Finally, the Court is at a loss to understand why counsel waited until two days before the date agreed upon for Petitioner to submit himself to the custody of Inyo County in order to bring his "emergency motion."  The court hearing was held on September 10, 2012, over six weeks ago. Petitioner had ample time to prepare his three-page motion and obtain a transcript, or prepare his own declaration, regarding the events that transpired at the hearing.  Indeed, Petitioner had ample time to file a motion for an extraordinary writ in the state courts and seek a stay of custody there.  Instead, Petitioner waited until the eleventh hour before filing the instant motion, thus giving this Court little time to review the issues raised or the evidence submitted.  As the Superior Court judge correctly

observed, this Court has one of the largest habeas corpus dockets in the United States.  Acting in such a dilatory manner as Petitioner has done does little either to enhance Petitioner's credibility or to promote judicial efficiency.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that Petitioner's emergency motion for stay of custody (Doc. 22), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 26, 2012**                              **/s/ Jennifer L. Thurston**
                                                                                 UNITED STATES MAGISTRATE JUDGE