UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. BRUNKOW,<br><br>　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT, INYO COUNTY, et al.,<br><br>　　　Respondents. | Case No.: 1:11-cv-01713-JLT<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner was convicted in the Inyo County Superior Court and is currently proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his Petition, Petitioner claims the Superior Court erred when it failed to advise him of his right to testify at his criminal trial. For the reasons set forth below, the petition is **DENIED**.

I.　**Procedural History**[1]

On November 12, 2009, Petitioner was convicted after a jury trial in the Inyo County Superior Court on the charge of domestic battery. (Doc. 1 at 2) He was sentenced to 45-days in jail, required to

---

[1] As a preliminary matter, the Attorney General seeks an amendment to the petition. The Attorney General notes the Attorney General and the Inyo County Superior Court are not proper respondents in this matter. (Doc. 11 at 3 n 1) Petitioner disagrees. However, Rule 2 of the Rules Governing § 2254 Cases provides, "If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." Notably, at the time the petition was filed, Petitioner was not in custody and the jail sentence was stayed. Thus, the Attorney General is a proper respondent.

complete counseling and was ordered to be placed on 36 months' probation. Id. Petitioner sought review in the Appellate Division of the Inyo Superior Court which denied the appeal on June 2, 2011. Id. at 36. Petitioner then sought rehearing of the matter which was denied on July 12, 2011. Id. at 40-41. However, the court granted Petitioner's request to certify the case or transfer to the Fourth District Court of Appeal. Id. at 41. Nevertheless, the Fourth District Court of Appeal denied the requested transfer. Id. at 44-45. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied. Id. at 53.

## II.  Factual background

The statement of facts is adopted from the Appellate Division of the Inyo County Superior Court.[2]

> Witnesses observed an altercation along the side of U.S. Highway 395 in the town of Bishop. The primary witness, Ms. Shepard testified that she observed Appellant grab a woman and throw her into the <side of a vehicle that was parked along the side of the highway>. As she then passed the vehicle the witness then saw the woman out in the lane of traffic on her "butt." She cal1ed 911 as it appeared the woman needed help.
> Upon being detained by law enforcement, Appellant admitted grabbing the woman and throwing her out of the vehicle causing her to become airborne. The woman had signs of physical injury but denied she was grabbed, thrown or landed on her back side in the highway.

(Doc. at 32)

## III.  Discussion

### A.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.

---

[2] Though Petitioner attempted to present his claim to the Fourth District Court of Appeal via a request for transfer, that request was denied and the matter returned to the Inyo County Superior Court. In rejecting the transfer, the Fourth District cited In re Horton, 54 Cal.3d 82, 95 (1991), it failed to provide any analysis. Thus, because the Fourth District's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the Appellate Division of the Inyo County Superior Court which was the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000).

7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. The challenged conviction arises out of the Inyo County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C.§ 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997. The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

### B. Standard of Review

Petitioner asserts the state court adjudication, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." (Doc. 1 at 11) A state court decision is "contrary to" clearly established federal law "if it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or "if it confronts a set of facts that is materially indistinguishable from a [Supreme Court] decision but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005), citing Williams v. Taylor, 529 U.S. 326, 405-406 (2000).

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.' " Lockyer v. Andrade, 538 U.S. 63, 71 (2003), quoting 28 U.S.C. § 2254(d)(1). In ascertaining what constitutes "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. Moreover, the Supreme Court decision must "'squarely address [ ] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions;" otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9h Cir.2009), quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. See Carey v. Musladin, 549 U.S. 70, 76-

77 (2006).

### C. Violation of Constitutional Right to Testify

A defendant's right to testify on his own behalf at a criminal trial arises from several provisions of the Constitution, including the Fourteenth Amendment due process right to an opportunity to be heard in his defense, the Sixth Amendment right to call "witnesses," and the Fifth Amendment right to be compelled to incriminate himself. Rock v. Arkansas, 483 U.S. 44, 51-52 (1987); United States v. Pino-Noriega, 189 F.3d 1089, 1094 (9th Cir.1999). This right is personal and only the defendant may waive it. United States v. Joelson, 7 F.3d 174, 177 (9th Cir.1993).

Petitioner contends he was denied the right to testify in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Toward this end, he frames his issue before this Court as, "Must a defendant in a criminal trial be made aware of and personally waive the fundamental constitutional right to testify in his or her behalf?" In essence, he argues the trial court should have explicitly advised Petitioner of his right to testify and should have "elicit[ed] a [ ] waiver of that right." (Doc. 1 at 8) Without inquiring about whether Petitioner would testify, instead, the judge inquired,

> [The court]: Anything further, Mr. Gazipura (petitioner's trial counsel)?
>
> Mr. Gazipura: No your Honor. The defense rests."

(Doc. 1 at 6)[3]

Despite contending the trial court's action was contrary to clearly established federal law, Petitioner admits the United States Supreme Court has never held that a trial court must advise a defendant of his right to testify and to explicitly obtain the defendant's waiver of this right. Indeed, Petitioner admits, "No California court has ever decided this issue in a trial setting. *Nor has the United States Supreme Court.*" Id. at 6, emphasis added. In addition, though Petitioner cites to Rock for the proposition that a defendant has a right to testify, Rock did not hold that the trial court must make an explicit inquiry into the topic. Instead, it held only that states may not restrict a defendant's

---

[3] Notably, Petitioner fails to provide a copy of the transcript. However, because the Court finds there is no clearly established law on the topic, as announced by the United States Supreme Court, the Court merely accepts as true the representation of Petitioner as to what transpired. Moreover, notably, under Ninth Circuit authority, the Court did not err.

4

right to testify by enacting rules—including those designed to ensure trustworthy testimony—which impinge upon a defendant's right to testify. Id. at 55-56. Thus, because there is no clearly established law, Petitioner is not entitled to habeas relief.

Moreover, the action of the trial court and the Appellate Division of the Inyo County Superior Court is consistent with the law of the State of California and that of this Circuit. Indeed, the Appellate Division of the Inyo County Superior Court recognized the dearth of authority from the United States Supreme Court. The state court's opinion read,

> <u>Appellant contends that inherent in the right to testify is a requirement that courts give a specific advisement of that right to represented defendants who do not testify in their criminal trials, and obtain an express personal waiver from the defendant of his/her right to testify.</u> That contention must fail because there is no requirement in this state for the trial court to give such an advisement or obtain such a waiver. No controlling authority, by either the United States Supreme Court or any California reported decision, coming to our attention, places such a requirement on the trial courts. Appellant would have this Court announce a rule, as a matter of federal constitutional law, which he acknowledges has not been determined to exist by ". . . appellate decision in California, and most other jurisdictions . . ." We decline to do so.
> The Petition for Rehearing is DENIED.

(Doc. 1 at 41)  Likewise, when the Fourth District rejected the transfer of the case, it is significant the court cited In re Horton, 54 Cal.3d 82, 95 (1991). In considering the respective authority of the attorney and the client and the obligations these duties impose on the trial court, the California Supreme Court held,

> When the decision is whether to testify (see People v. Robles (1970) 2 Cal.3d 205, 215 [85 Cal.Rptr. 166, 466 P.2d 710]) or whether to present a defense at the guilt phase of a capital trial (see People v. Frierson (1985) 39 Cal.3d 803, 817-818 [218 Cal.Rptr. 73, 705 P.2d 396]), it is only in case of an express conflict arising between the defendant and counsel that the defendant's desires must prevail. **In the latter situation, there is no duty to admonish and secure an on the record waiver unless the conflict comes to the court's attention.** (*Id.,* at p. 818, fn. 8.)

Emphasis added. This is consistent with the law of this Circuit that a defendant's waiver of the right to testify need not be explicit. Pino-Noriega, 189 F.3d at 1094. The Ninth Circuit has stated repeatedly that a trial judge has no duty to advise the defendant of his right to testify or to secure an express waiver of the right. Joelson, at 178. In Joelson, the Court held,

> Although the ultimate decision whether to testify rests with the defendant, he is presumed to assent to his attorney's tactical decision not to have him testify. [citation.] The trial court 'has no duty to advise the defendant of his right to testify, nor is the court required to ensure that an on-the-record waiver has occurred.' [citation.] Rather, if the defendant wants to testify, he can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer. [citation.] Thus,

> waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so. [citation.]

Id. at 177 (citations omitted). Thus, though the waiver of the right to testify must be made knowingly and intelligently, this waiver need not be explicitly demonstrated on the record. Id. at 177. Waiver may be inferred from the defendant's conduct and the waiver is presumed if the defendant fails to testify or to notify the court of his desire to testify. Joelson, 7 F.3d at 177; see also Horton v. Mayle, 408 F.3d 570, 577 (9th Cir.2005); Dows v. Woods, 211 F.3d 480, 487 (9th Cir.2000). Therefore, Petitioner has failed to demonstrate entitlement to habeas relief.

## IV.   Certificate of Appealability.

The Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller–El v. Cockrell, 537 U.S. 322, 335–336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>    (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When a court denies a petitioner's petition, it may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting* *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, Petitioner fails to make the requisite substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court **DECLINES** to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED** with prejudice;
2. The Clerk of the Court is **DIRECTED** to enter judgment and close the file;
3. The Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 12, 2013**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE